UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME LEWIN, <br><br> Plaintiff, <br><br> v. <br><br> ALLY FINANCIAL, INC. a/k/a ALLY FINANCIAL a/k/a GMAC FINANCIAL SERVICES a/k/a GMAC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:16-cv-11241 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, JEROME LEWIN ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, ALLY FINANCIAL, INC. a/k/a ALLY FINANCIAL a/k/a GMAC FINANCIAL SERVICES a/k/a GMAC ("Ally") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Ally conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Ally is a Delaware Corporation with its principal place of business located at 440 South Church Street, Charlotte, North Carolina 28202. Ally is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois. Ally's Illinois registered agent is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS SUPPORTING CAUSE OF ACTION

8. In July 2015, Plaintiff contracted for a vehicle lease ("subject debt") through Ally.

9. Plaintiff subsequently began falling behind on his car payments, but he was never considered in default as he avoided ever falling behind on the subject debt for more than 30 days.

10. In July 2016, Ally began placing unwanted collection calls to Plaintiff's cellular telephone ending in 8500. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

11. Plaintiff received Ally's calls from the telephone numbers 855-306-6940, 855-856-2559, 888-611-6904, 888-673-8490, and 888-803-3174.

12. Upon information and belief, the above numbers are phone numbers utilized by Ally during its debt collection activities. Ally has contacted Plaintiff's cellular phone with the purpose of collecting on the subject debt.

13. In August 2016, Plaintiff answered a phone call from Ally attempting to collect the subject debt. In response, Plaintiff demanded that Ally stop placing calls to his cellular phone.

14. When this call from Ally connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

15. During most of the calls Plaintiff received from Ally, Plaintiff was greeted with an automated message rather than a live representative.

16. Notwithstanding Plaintiff's requests that Ally's collection calls cease, Ally placed or caused to be placed no less than 100 harassing phone calls to Plaintiff's cellular phone ending in 8055 between August 2016 through the present day, including, but not limited to, the following dates and times: [1]

- September 3, 2016 at 11:37 a.m., from telephone number 855-856-2559;
- September 3, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- September 4, 2016 at 11:31 a.m., from telephone number 855-856-2559;
- September 4, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- September 5, 2016 at 11:39 a.m., from telephone number 855-856-2559;
- September 5, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- September 6, 2016 at 12:11 p.m. from telephone number 855-856-2559;
- September 7, 2016 at 12:52 p.m., from telephone number 855-856-2559;
- September 7, 2016 at 12:52 p.m., from telephone number 855-856-2559;
- September 8, 2016 at 11:47 a.m., from telephone number 855-856-2559;

---

[1] The list of calls is not exhaustive. The list includes the phone calls that were documented by Plaintiff.

- September 8, 2016 at 6:09 p.m., from telephone number 855-856-2559;
- September 9, 2016 at 11:55 a.m., from telephone number 855-856-2559;
- September 10, 2016 at 9:09 a.m., from telephone number 888-673-8490;
- September 10, 2016 at 10:30 a.m., from telephone number 888-673-8490;
- September 10, 2016 at 2:17 p.m., from telephone number 888-673-8490;
- September 10, 2016 at 4:32 p.m., from telephone number 888-673-8490;
- September 11, 2016 at 9:11 a.m., from telephone number 888-673-8490;
- September 11, 2016 at 10:28 a.m., from telephone number 888-673-8490[2];
- September 17, 2016 at 9:47 a.m., from telephone number 855-306-6940;
- September 17, 2016 at 1:42 p.m., from telephone number 855-306-6940;
- September 17, 2016 at 4:24 p.m., from telephone number 855-306-6940;
- September 18, 2016 at 9:24 a.m., from telephone number 855-306-6940;
- September 18, 2016 at 10:57 a.m., from telephone number 855-306-6940;
- September 18, 2016 at 2:54 p.m., from telephone number 855-306-6940;
- September 18, 2016 at 4:44 p.m., from telephone number 855-306-6940;
- September 19, 2016 at 8:29 a.m., from telephone number 855-306-6940;
- September 19, 2016 at 11:43 a.m., from telephone number 855-306-6940;
- September 19, 2016 at 2:27 p.m., from telephone number 855-306-6940;
- September 19, 2016 at 4:55 p.m., from telephone number 855-306-6940;
- September 20, 2016 at 8:24 a.m., from telephone number 855-306-6940;
- September 20, 2016 at 12:19 p.m., from telephone number 855-306-6940;
- September 20, 2016 at 1:08 p.m., from telephone number 855-306-6940;
- September 20, 2016 at 3:29 p.m., from telephone number 855-306-6940;
- October 4, 2016 at 12:02 p.m., from telephone number 855-856-2559;
- October 5, 2016 at 12:16 p.m., from telephone number 855-856-2559;
- October 6, 2016 at 6:05 p.m., from telephone number 855-856-2559;
- October 7, 2016 at 4:18 p.m., from telephone number 855-856-2559;

---

[2] During this particular call, Plaintiff demanded that Ally cease placing calls to his cellular phone for the second time.

- October 8, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- October 9, 2016 at 11:37 a.m., from telephone number 855-856-2559;
- October 10, 2016 at 11:41 a.m., from telephone number 855-856-2559;
- October 12, 2016 at 10:19 a.m., from telephone number 888-611-6904[3];
- October 13, 2016 at 8:49 a.m., from telephone number 888-611-6904;
- October 13, 2016 at 2:29 p.m., from telephone number 888-611-6904;
- October 13, 2016 at 3:17 p.m., from telephone number 888-611-6904;
- November 3, 2016 at 11:40 a.m., from telephone number 855-856-2559;
- November 4, 2016 at 12:20 p.m., from telephone number 855-856-2559;
- November 4, 2016 at 6:05 p.m., from telephone number 855-856-2559;
- November 5, 2016 at 11:43 a.m., from telephone number 855-856-2559;
- November 5, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- November 6, 2016 at 11:41 a.m., from telephone number 855-856-2559;
- November 6, 2016 at 6:06 p.m., from telephone number 855-856-2559;
- November 7, 2016 at 12:22 p.m., from telephone number 855-856-2559;
- November 8, 2016 at 11:41 a.m., from telephone number 855-856-2559;
- November 9, 2016 at 11:41 a.m., from telephone number 855-856-2559;
- November 10, 2016 at 3:52 p.m., from telephone number 888-611-6904;
- November 11, 2016 at 8:48 a.m., from telephone number 888-803-3174;
- November 11, 2016 at 9:48 a.m., from telephone number 888-803-3174;
- November 12, 2016 at 9:32 a.m., from telephone number 888-803-3174;
- November 12, 2016 at 3:06 p.m., from telephone number 888-803-3174;
- November 13, 2016 at 8:14 a.m., from telephone number 888-803-3174;
- November 13, 2016 at 9:32 a.m., from telephone number 888-803-3174; and
- November 13, 2016 at 1:21 p.m., from telephone number 888-803-3174.

17. Plaintiff requested that Ally cease placing calls to his cellular phone on no less than 3 separate occasions.

---

[3] During this particular call, Plaintiff demanded that Ally cease placing calls to his cellular phone for the third time.

18. During one of the calls in which Plaintiff demanded that Ally cease placing calls to his cellular phone, a representative from Ally informed Plaintiff that he would continue to receive calls on his cellular phone from Ally unless Plaintiff provided Ally with an alternate telephone number.

19. Plaintiff's demands that Ally's phone calls cease fell on deaf ears and Ally continued its phone harassment campaign.

20. Upon information, belief, and in light of the frequency of the calls, Ally utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted calls to Plaintiff's cellular phone.

21. The telephone number ending in 8500 that Ally called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

22. The calls Ally placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

23. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Ally's unlawful collection practices.

24. Ally's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Ally's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular

telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

26. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to cease Ally's collection tactics, incurring costs and expenses traveling to and from his attorney's office.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Ally placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

31. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

32. Upon information and belief, the predictive dialing system employed by Ally transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

33. Ally violated the TCPA by placing no less than 100 calls between July 2016 through the present day to Plaintiff's cellular phone, using an ATDS. Moreover, Plaintiff demanded that Ally cease placing calls to his cellular phone on no less than 3 separate occasions during the phone calls he answered.

34. As pled above, Plaintiff was severely harmed by Ally's collection calls to his cellular phone.

35. Upon information and belief, Ally has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Ally knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Ally, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Ally is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Ally's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff JEROME LEWIN requests that this Honorable Court:

a. Declare Ally's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

39. Plaintiff restates and reallages paragraphs 1 through 26 as through fully set forth herein.

40. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

41. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

42. Ally is engaged in commerce in the State of Illinois with regard to Plaintiff. Ally specializes offering credit services and debt collection, which are an activities within the stream of commerce and utilized in its regular course of business.

43. Ally violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debt from Plaintiff.

**a. Unfairness**

44. It was unfair for Ally to seek to collect from Plaintiff the subject debt through relentless harassing phone calls to his cellular phone attempting to induce him into making a payment.

45. It was unfair for Ally to place or cause to be placed no less than 100 phone calls to Plaintiff's cellular phone between July 2016 through the present day, without his consent.

46. It was unfair for Ally to continue placing calls to Plaintiff after he demanded that the calls cease on no less than 3 separate occasions.

47. Ally's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to his cellular phone.

48. Moreover, Ally's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

49. Upon information and belief, Ally systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

50. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Ally and is done on a large scale.

51. Moreover Ally's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

52. As alleged above, Plaintiff was substantially harmed by Ally's misconduct.

53. An award of punitive damages is appropriate because Ally's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the innumerable phone calls.

WHEREFORE, Plaintiff JEROME LEWIN requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Ally;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff his punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: December 9, 2016 Respectfully Submitted,

/s/ Omar T. Sulaiman
Omar T. Sulaiman, ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188